JAMES L. DENNIS, Circuit Judge, concurring in part and dissenting in part: Though I concur in the majority opinion as to most of Rayborn’s claims, I write separately to explain my disagreement with the majority’s resolution of Rayborn’s claim under the Louisiana Whistleblower Statute. As the majority identifies, a transfer that is the equivalent of a demotion constitutes an adverse employment action for the purposes of this statute. See, e.g., Sharp v. City of Hous., 164 F.3d 923, 932 (5th Cir. 1999) (discussing plaintiffs federal retaliation claim under 42 U.S.C. § 1983); see also Haire v. Bd. of Supervisors of La. State Univ., 719 F.3d 356, 367 (5th Cir. 2013) (noting that analysis of reprisal under Louisiana Whistleblower statute mirrors that of retaliation claims under federal law); Tatum v. United Parcel Serv., Inc., 79 So.3d 1094, 1104 (La. Ct. App. 2012) (applying Title VII precedent to define what constitutes a reprisal under Louisiana Whistleblower Statute). The majority also correctly notes that “[t]o be equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement.” Sharp, 164 F.3d at 933 (citations omitted). Though the majority therefore recites the correct standard for when a transfer constitutes an adverse employment action, it errs by failing to consider whether any reasonable jury could find that Rayborn’s transfer amounted to a demotion, instead inappropriately drawing its own conclusions from the disputed facts. Whether a transfer amounts to a demotion is a question of fact to be resolved by a jury—not by a judge on summary judgment. Id. It is well established that this court, when reviewing a district court’s grant of summary judgment, does not weigh evidence or decide issues of disputed fact. Tolan v. Cotton, — U.S. —, 134 S.Ct. 1861, 1866, 188 L.Ed.2d 895 (2014). Instead, we draw all reasonable inferences in favor of the non-movant and determine only whether any reasonable jury presented with that evidence could find in her favor. Id. It is clear from the record that Ray-born has created a genuine dispute of fact on this issue. Rayborn provided summary judgment evidence that she was reassigned as a disciplinary measure to nursing facilities that were unclean, devoid of safe disposal for used needles, and that lacked the space, equipment, and privacy to provide adequate medical care to her students. Though she did not suffer a decrease in pay, she contends that these conditions prevented her from fully exercising her nursing skills or generally succeeding in her position. Ray-born’s evidence that her new position was objectively worse than her prior position is just as strong as that in other cases' in which we found that transfers without reductions in salary were adverse employment actions. See Sharp, 164 F.3d at 926, 928, 933 (jury could conclude that Plaintiffs transfer was a demotion in light of evidence that her initial assignment to the horse-mounted law enforcement unit was more “elite” than her subsequent assignment to a “less prestigious” teaching post at the Police Academy); Click v. Copeland, 970 F.2d 106, 110 (5th Cir. 1992) (jury could find that intradepart-mental transfer without a reduction in salary was a retaliatory demotion based on evidence that the new position was “not as interesting or prestigious” and “few people transferred voluntarily” to the new position); c.f. Mitchell v. Univ. of La. Syst., 154 F.Supp.3d 364, 378-80, 404-05 (M.D. La. 2015) (reasonable jury could find that transfer to a different programmer analyst position within the university was a demotion based on Plaintiffs evidence that her new work environment was dysfunctional and she was required to perform more secretarial rather than “higher level” tasks, even though she kept the same pay and Defendant called it a “lateral move”). A reasonable jury, presented with Rayborn’s evidence that she was transferred as punishment to a new position that was objectively worse due to specific, concrete deficiencies that interfered with her work could conclude that Rayborn suffered an adverse employment action. Accordingly, I would hold that summary judgment on this issue was improper and would vacate the district court’s dismissal of Rayborn’s claim under the Louisiana Whistleblower Statute and remand for further proceedings. ,